NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO SANTIZ GOMEZ, AKA Gerardo Luis Francisco Diego, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70975 <br><br> Agency No. A095-793-679 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Rigoberto Santiz Gomez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion for a continuance.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review de novo questions of law and claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Santiz Gomez's motion for a continuance where he failed to show good cause. *See Sandoval-Luna*, 526 F.3d at 1247 ("[t]he decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse" (internal citation and quotation marks omitted)). Contrary to Santiz Gomez's contention, *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (A.G. 2018) does not affect the analysis of the motion to continue in his case. *See id.* at 405-06. We therefore decline to remand for consideration of *Matter of L-A-B-R-*.

We also reject Santiz Gomez's contentions that the IJ violated his due process rights by not explaining the availability of asylum and related relief or pre-conclusion voluntary departure. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Finally, we lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d

2                                                                                          18-70975

1174, 1176-77 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**